# IN THE SEVENTH CIRCUIT COURT DISTRICT (HINDS COUNTY) OF MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**NETTIE Y. DAVIS**                                                                 **PLAINTIFF**

**VERSUS**                                              CAUSE NO. __21-547__

**MICHAEL WATSON, Secretary of State of the**
**State of Mississippi, in His Individual and Official Capacities**           **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Pursuant to MISS. R. CIV. P. 57, Plaintiff Nettie Y. Davis brings this action for a declaratory judgment, declaring that a Mississippi statute, MISS. CODE ANN. § 23-15-561, violates the United States and Mississippi Constitutions and is unenforceable. Alternatively, Plaintiff asks that this Court hold the statute cannot be used as a basis to remove Plaintiff from her office as a Councilwoman for the City of Tupelo, Mississippi.

MISS. CODE ANN. § 23-15-561 is unconstitutional both as applied to Plaintiff and on its face. MISS. CODE ANN. § 23-15-561 is overly broad because it makes criminal some activities which are constitutionally protected. The following facts support this action:

1.

Plaintiff NETTIE Y. DAVIS is an eighty (80) year old, African American citizen of Tupelo, Mississippi. Plaintiff is an elected member of the Tupelo, Mississippi City Council.

**EXHIBIT A**

2.

Defendant MICHAEL WATSON, Secretary of State of the State of Mississippi, is an adult resident citizen of Mississippi. Defendant Watson may be served with process at 401 Mississippi Street, Jackson, Mississippi 39201, or 125 South Congress Street, Jackson, Mississippi 39201. Defendant Watson, as Secretary of State of the State of Mississippi, is charged by statute with the administration and interpretation of the State's election laws.

3.

Plaintiff's claims are substantially based upon the issuance of a press release from the Secretary of State's office in Hinds County, Mississippi. Plaintiff's claims are also based on the unconstitutional acts of the Mississippi Legislature in Hinds County, Mississippi; specifically, the passage of an unconstitutional statute.

4.

This action is for violation of rights guaranteed by the United States Constitution, and is, therefore, authorized by 42 U.S.C. § 1983. At all relevant times, Defendant acted under color of state law.

5.

Plaintiff, who resides in a predominantly African American ward of Tupelo, Mississippi, has been an elected Councilperson for the City of Tupelo, Mississippi, for twenty (20) years. Plaintiff is proud of her reputation as an honest citizen and as a retired teacher in the public schools.

6.

Historically, the percentage of African Americans voting in Mississippi has been substantially less than the percentage of white voters voting in Mississippi. This pattern has existed

ever since the end of Reconstruction. Plaintiff has tried to change this practice by encouraging African Americans to register to vote and to vote.

7.

In encouraging African American citizens to register to vote and to vote, Plaintiff is exercising her rights to free speech, guaranteed by United States Constitution Amendment One and by Miss. Const. § 13.

8.

Plaintiff exercised her free speech rights by encouraging persons to vote in the municipal elections to be held in Tupelo, Mississippi, on June 8, 2021. Plaintiff was unopposed in the election of June 8, 2021. Her exercise of her free speech rights by encouraging persons to vote, was not made in her role as a candidate, but only in her role as a citizen. Plaintiff organized a "get out the vote" assembly, in which she exercised her First Amendment rights by encouraging citizens to go to the polls and to vote in the upcoming June 8, 2021, election. The assembly was held on June 1, 2021, a week prior to the election. During the assembly, Plaintiff spoke about the importance of voting. Plaintiff told citizens there gathered, most of whom were African American, about the importance of voting, and asked citizens to donate a small amount of money. Plaintiff stated that this money would be given to voters whose names were to be drawn in a drawing to be held after the election. Only those persons who could prove they had voted would be eligible to participate in the drawing. Before any drawing was held, however, Plaintiff was informed of the claim that such a drawing violated a Mississippi statute, which turned out to be MISS. CODE ANN. § 23-15-561. Not wanting to take any chances about violating a law, Plaintiff immediately ceased her efforts to organize the drawing. The drawing never took place.

9.

Plaintiff's speech was aimed solely at encouraging people to vote. Plaintiff's speech posed no potential for corruption. Plaintiff did not ask any voter to vote for any particular candidate. Plaintiff did not ask voters to vote for her, since she was unopposed. Plaintiff's encouraging citizens to vote through a drawing does not tend to corrupt. To the contrary, speech encouraging citizens to vote is speech encouraging the performance of a civic duty.

10.

Upon learning of Plaintiff's efforts to encourage the vote, Defendant sent out press releases claiming that Plaintiff's efforts were illegal. Defendant also conferred with the District Attorney for the First Judicial District of Mississippi, John D. Weddle, concerning Plaintiff's efforts to get out the vote. Subsequently, local media reported that both Defendant and Weddle sent out press releases, claiming that Plaintiff's activities were illegal. *See* article entitled *Officials look into possible election law violation by Tupelo councilwoman*, dated June 7, 2021, and article entitled *State, Local officials investigating Tupelo Councilwoman Nettie Davis over election raffle statements*, dated June 7, 2021, attached hereto as Exhibits "A" and "B," respectively.

11.

The publication of the articles, attached hereto as Exhibits "A" and "B," resulted in embarrassment to Plaintiff. Plaintiff has spent a lifetime of building a reputation as a law-abiding citizen, and the claims by a state-wide official that Plaintiff's activities were illegal were humiliating.

12.

The District Attorney for the First Judicial District of Mississippi, John D. Weddle, has informed undersigned counsel for Plaintiff that he intends to seek an indictment of Plaintiff for a violation of MISS. CODE ANN. § 23-15-561.

13.

Regardless of the outcome of any trial, the presentment of a case against Plaintiff to the Grand Jury, and any resulting indictment, will cause Plaintiff further humiliation and stress. Plaintiff's indictment will be widely reported in the news media. The mere fact of an indictment will cause Plaintiff extreme stress, regardless of whether or not she ultimately prevails in the criminal prosecution.

14.

By informing the District Attorney and the news media that Plaintiff's activity was illegal, Defendant has implicitly represented that MISS. CODE ANN. § 23-15-561 is constitutional and enforceable. This implicit representation is in error. MISS. CODE ANN. § 23-15-561 is, in fact, unconstitutional and unenforceable. This Court should so judicially declare.

15.

This Court should enter a declaratory judgment declaring that MISS. CODE ANN. § 23-15-561 is unconstitutional under United States Constitution Amendments One and Fourteen and under Miss. Const. §§ 13 and 14. This judgment should be entered for the following reasons:

(a) MISS. CODE ANN. § 23-15-561 is unconstitutionally vague. The statute does not state whether it is limited to actions that are taken on the date of an election, or whether it makes illegal actions that are taken on dates other than the date of an election. In this case, Plaintiff's statements were made on a date prior to the election. Because of the canon mandating that penal statutes be construed against the State, the statute must be interpreted narrowly to apply to only speech rendered and actions taken on the date of an election. MISS. CODE ANN. § 23-15-561 is, therefore, unenforceable

because it is unconstitutionally vague, in violation of the Due Process Clauses of the Mississippi and United States Constitutions.

(b)  MISS. CODE ANN. § 23-15-561 infringes upon free speech protected by the First Amendment of the United States Constitution, and by Miss. Const. § 13.  The offering of a possibility of obtaining a small "item of value" if a person votes constitutes speech.  The United States Supreme Court has held that even large campaign contributions made in order to encourage persons to vote for a particular candidate are protected by the First Amendment to the United States Constitution.  In this case, the mere possibility of winning a small "item of value" if one votes for a candidate of his or her choice has less of a potential for corruption than does the making of large cash campaign contributions by political action committees in order to encourage candidates to vote for a particular candidate.  Plaintiff's speech encouraging voting by participating in a drawing, with a possibility of obtaining a small "item of value" if one votes, is protected by United States Constitution Amendment One.  This Court should hold that speech made to encourage persons to vote is protected speech, and this Court should hold that speech to be protected by both the First Amendment of the United States Constitution and also by Miss. Const. § 13.  There is no significant potential for corruption by merely offering a chance for a person to obtain a small "item of value" simply because a person exercises his or her constitutional right to vote.  Voting itself is a constitutional right, and any infringement on that right can be justified only by showing a compelling state interest.

(c)     MISS. CODE ANN. § 23-15-561 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and violates the Due Process Clause of Miss. Const. § 14. The law makes it unlawful to offer any "item of value to be raffled, drawn for, played for or contested for in order to encourage persons to vote or to refrain from voting in any election." MISS. CODE ANN. § 23-15-561(1). Mississippi law does not, however, make it unlawful to give a voter a small "item of value" in order to encourage him or her to vote. Mississippi law has long established that candidates may lawfully give items of value, such as free food, free beer, free transportation, and time off from work in order to encourage voting. The Mississippi Supreme Court has held that such direct enticements to vote are lawful. *Naron v. Prestage*, 469 So. 2d 83 (Miss. 1985). Mississippi statutes allow direct methods to encourage voting, but MISS. CODE ANN. § 23-15-561 disallows indirect methods of encouraging voting, such as the possibility of obtaining a small "item of value" through a drawing. Defendants have, thus, arbitrarily denied Plaintiff equal protection of law in violation of the Fourteenth Amendment and in violation of the Due Process Clause of the Mississippi Constitution. The difference between a direct method of encouraging voting and an indirect method (conducting a drawing) should be subjected to strict scrutiny, since this difference infringes both upon the fundamental right to vote and upon the fundamental right to free speech.

16.

Defendant's press releases and his efforts to enforce MISS. CODE ANN. § 23-15-561 have had the possible effect of discouraging African Americans from voting. Unless MISS. CODE ANN. § 23-15-561 is declared unconstitutional, Defendant will continue to enforce that statute and will continue to engage in a public relations campaign against persons who use a drawing to encourage voting. Further, unless this Court declares MISS. CODE ANN. § 23-15-561 to be unconstitutional, a likely criminal prosecution of Plaintiff will result. Accordingly, this Court should enter a declaratory judgment that MISS. CODE ANN. § 23-15-561 violates the Constitutions of the United States and of Mississippi and is unenforceable, both on its face and as applied.

17.

Alternatively, if this Court should find that MISS. CODE ANN. § 23-15-561 is enforceable, then this Court should declare that Plaintiff is not a "candidate in the race for the elective office. . . ." as described in the statute. The statute provides that a candidate "for the elective office" who violates its provisions is subject to removal from office. Plaintiff should not be considered a candidate "for the elective office," since Plaintiff was unopposed. Plaintiff's efforts were unrelated to her own candidacy. The statute should be properly construed as disallowing any effort to remove Plaintiff from office, even if this Court should erroneously find that MISS. CODE ANN. § 23-15-561 is otherwise enforceable.

18.

MISS. CODE ANN. § 23-15-561 cannot be constitutionally construed to require Plaintiff's removal from office. Since Plaintiff was unopposed, she is similarly situated, as any other citizen who would participate in conducting a drawing in order to encourage voting. There is no rational

basis for distinguishing Plaintiff, as a candidate who was unopposed for election, from any other person who encourages the right to vote. Therefore, to enforce the sanction of removing Plaintiff from office violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and violates the Due Process Clause of the Mississippi Constitution. Defendant must show a compelling interest in order to remove Plaintiff from office, since MISS. CODE ANN. § 23-15-561 fundamentally offends the First Amendment right of voters to elect the candidate of their choice and infringes upon the fundamental right to freedom of speech.

## REQUEST FOR RELIEF

Plaintiff requests a declaratory judgment, whereby this Court judicially declares that MISS. CODE ANN. § 23-15-561 is unenforceable. Alternatively, if this Court finds MISS. CODE ANN. § 23-15-561 is enforceable, Plaintiff requests a declaratory judgment that she cannot constitutionally be removed from her elective office as a penalty for violating MISS. CODE ANN. § 23-15-561. Plaintiff also requests reasonable attorneys' fees and costs, pursuant to 42 U.S.C.A. § 1988.

RESPECTFULLY SUBMITTED, this the 31st day of August, 2021.

                                               NETTIE Y. DAVIS, Plaintiff

By: *Jim Waide*
      Jim Waide, MS Bar No. 6857
      waide@waidelaw.com
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38804-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      (662) 842-7324 / Telephone
      (662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

# Officials look into possible election law violation by Tupelo councilwoman



*Councilwoman Nettie Davis on the city of Tupelo website June 7, 2021.*

The state's top election official and a local prosecutor are looking into whether Tupelo Councilwoman Nettie Davis broke the law after she appeared on a video to offer a cash reward to people if they voted.

Posted: Jun 7, 2021 8:52 PM
Updated: Jun 7, 2021 9:09 PM
Posted By: Craig Ford and Mel Carlock

TUPELO, Miss. (WTVA) — The state's top election official and a local prosecutor are looking into whether Tupelo Councilwoman Nettie Davis broke the law after she appeared on a video to offer a cash reward to people if they voted.

Secretary of State Michael Watson said in a statement Monday his office got the video and also got reports of "local churches promoting cash prizes to encourage absentee voting in the same area."

According to state law, it is illegal for anyone to put up cash or prizes to get people to vote or not vote. A candidate convicted of a violation, which is a misdemeanor, would face fines and be disqualified from an election or removed from an elected office.

Journalists with WTVA 9 News watched the video, which appeared to be recorded over the weekend just days before Tupelo's general election and apparently appeared on Facebook.

We are not showing the video since we have yet to determine who recorded it and whether we can get permission from that person to use it.

District Attorney John Weddle issued a statement Monday where he said he was "dedicated to handling this matter and any other violations aggressively."

"If you have first-hand knowledge of one of these events where money was offered in a drawing or in the form of a prize and care about free, fair and honest elections, we'd love to visit with you," said Weddle.

Watson encouraged people to call his office's elections hotline at 1-800-829-6786 to report any election issues.

WTVA 9 News did reach out to Nettie Davis for a comment about the video but did not get a response.

EXHIBIT A

Davis, a Democrat, is unopposed in Tuesday's general election.

https://www.djournal.com/news/local/state-local-officials-investigating-tupelo-councilwoman-nettie-davis-over-election-raffle-statements/article_95f5896d-cdc6-59be-af9c-51fa443c787e.html

# State, local officials investigating Tupelo Councilwoman Nettie Davis over election raffle statements

By CALEB BEDILLION and TAYLOR VANCE Daily Journal
Jun 7, 2021



Davis

**TUPELO** • Mississippi's top election official and the local district attorney are investigating whether City Councilwoman Nettie Davis ran afoul of election laws prohibiting voter turnout efforts linked to cash raffles.

During a campaign event on Saturday, Davis described an upcoming raffle that would award cash prizes to people who cast a ballot in Tuesday's municipal election, according to a video posted to Facebook. The video has since been deleted.





"If you will come back here and donate $100, and we'll give this money away to people who went and voted," Davis said. "We'll pull names after they have voted, and what we'll do is give this money away the day after the voting is over."

Later, she indicated that raffle participants would prove that they cast a ballot by showing their "I Voted" sticker, which are distributed by poll workers at local precincts.

In the video, Davis does not describe the upcoming cash raffle as a reward to vote for any particular candidate.

Davis could not immediately be reached for comment.

 With Tupelo's mayoral office on the line, voters head to the polls

In a strongly-worded statement released Monday evening, District Attorney John Weddle said his office is investigating the raffle described by Davis.

"These actions will not be tolerated," Weddle said. "I am dedicated to handling this matter and any other violations aggressively."

Weddle is working with Secretary of State Michael Watson in the investigation, according to statements by the two men, who are both Republicans. Davis is a Democrat.

In a statement released late Monday afternoon, Watson did not mention Davis by name but said his office is investigating multiple allegations of get-out-the-vote efforts in Tupelo that Watson claims could violate state law.

"Our office recently received reports and video footage of what appears to be an individual publicly offering cash prizes to encourage voter participation in Tuesday's municipal election in Tupelo," Watson said in a statement. "We've also received numerous reports of local churches promoting cash prizes to encourage absentee voting in the same area."

According to state law that Watson cites, it is unlawful for anyone to "put up or in any way offer any prize, cash award or other item of value to be raffled, draw for, played for or contested for in order to encourage person to voter or to refrain from voting in any election."

The statute in question provides for a fine not to exceed $5,000 for violators. It also provides that elected officials violating the statute may be removed from office.

The office of Attorney General Lynn Fitch is reviewing the video of Davis and is awaiting the submission of a formal complaint before determining whether any further action is needed.

"We take all complaints about election integrity seriously," spokesperson Colby Jordan told the Daily Journal.

caleb.bedillion@djournal.com

taylor.vance@djournal.com



District Attorney John Weddle 'actively investigating' election raffle comments

## Caleb Bedillion
Investigative/Enterprise Editor

Caleb is the editor for political, investigative and enterprise work by the Daily Journal.