**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

**NETTIE Y. DAVIS**                                                                                    **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NUMBER: 21-CV-00574-WLK**

**MICHAEL WATSON, Secretary of State of the**                              **DEFENDANT**
**State of Mississippi, in His Individual and Official Capacities**

---

## CERTIFICATION OF RECORD

---

I, Zack Wallace, Circuit Clerk, of the Circuit Court in and for the said state and county do

hereby certify that the attached are true and correct copies of all the papers filed in this office in the

above styled and numbered cause, as of this date the same is of record in  MEC 21-574 to wit: Entire

File

Given under my hand and seal of office this the 9th day of September 2021.

**ZACK WALLACE, CIRCUIT CLERK**
**HINDS COUNTY, MISSISSIPPI**

BY:   _Karla Bailey_   D.C.

**EXHIBIT**

**B**

# IN THE SEVENTH CIRCUIT COURT DISTRICT (HINDS COUNTY) OF MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**NETTIE Y. DAVIS**                                               **PLAINTIFF**

**VERSUS**                                    CAUSE NO. ___21-547___

**MICHAEL WATSON, Secretary of State of the
State of Mississippi, in His Individual and Official Capacities**          **DEFENDANT**

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

Pursuant to MISS. R. CIV. P. 57, Plaintiff Nettie Y. Davis brings this action for a declaratory judgment, declaring that a Mississippi statute, MISS. CODE ANN. § 23-15-561, violates the United States and Mississippi Constitutions and is unenforceable. Alternatively, Plaintiff asks that this Court hold the statute cannot be used as a basis to remove Plaintiff from her office as a Councilwoman for the City of Tupelo, Mississippi.

MISS. CODE ANN. § 23-15-561 is unconstitutional both as applied to Plaintiff and on its face. MISS. CODE ANN. § 23-15-561 is overly broad because it makes criminal some activities which are constitutionally protected. The following facts support this action:

1.

Plaintiff NETTIE Y. DAVIS is an eighty (80) year old, African American citizen of Tupelo, Mississippi. Plaintiff is an elected member of the Tupelo, Mississippi City Council.

00359774.WPD

2.

Defendant MICHAEL WATSON, Secretary of State of the State of Mississippi, is an adult resident citizen of Mississippi. Defendant Watson may be served with process at 401 Mississippi Street, Jackson, Mississippi 39201, or 125 South Congress Street, Jackson, Mississippi 39201. Defendant Watson, as Secretary of State of the State of Mississippi, is charged by statute with the administration and interpretation of the State's election laws.

3.

Plaintiff's claims are substantially based upon the issuance of a press release from the Secretary of State's office in Hinds County, Mississippi. Plaintiff's claims are also based on the unconstitutional acts of the Mississippi Legislature in Hinds County, Mississippi; specifically, the passage of an unconstitutional statute.

4.

This action is for violation of rights guaranteed by the United States Constitution, and is, therefore, authorized by 42 U.S.C. § 1983. At all relevant times, Defendant acted under color of state law.

5.

Plaintiff, who resides in a predominantly African American ward of Tupelo, Mississippi, has been an elected Councilperson for the City of Tupelo, Mississippi, for twenty (20) years. Plaintiff is proud of her reputation as an honest citizen and as a retired teacher in the public schools.

6.

Historically, the percentage of African Americans voting in Mississippi has been substantially less than the percentage of white voters voting in Mississippi. This pattern has existed

ever since the end of Reconstruction.  Plaintiff has tried to change this practice by encouraging African Americans to register to vote and to vote.

7.

In encouraging African American citizens to register to vote and to vote, Plaintiff is exercising her rights to free speech, guaranteed by United States Constitution Amendment One and by Miss. Const. § 13.

8.

Plaintiff exercised her free speech rights by encouraging persons to vote in the municipal elections to be held in Tupelo, Mississippi, on June 8, 2021.  Plaintiff was unopposed in the election of June 8, 2021.  Her exercise of her free speech rights by encouraging persons to vote, was not made in her role as a candidate, but only in her role as a citizen.  Plaintiff organized a "get out the vote" assembly, in which she exercised her First Amendment rights by encouraging citizens to go to the polls and to vote in the upcoming June 8, 2021, election.  The assembly was held on June 1, 2021, a week prior to the election.  During the assembly, Plaintiff spoke about the importance of voting. Plaintiff told citizens there gathered, most of whom were African American, about the importance of voting, and asked citizens to donate a small amount of money.  Plaintiff stated that this money would be given to voters whose names were to be drawn in a drawing to be held after the election. Only those persons who could prove they had voted would be eligible to participate in the drawing. Before any drawing was held, however, Plaintiff was informed of the claim that such a drawing violated a Mississippi statute, which turned out to be MISS. CODE ANN. § 23-15-561.  Not wanting to take any chances about violating a law, Plaintiff immediately ceased her efforts to organize the drawing.  The drawing never took place.

9.

Plaintiff's speech was aimed solely at encouraging people to vote. Plaintiff's speech posed no potential for corruption. Plaintiff did not ask any voter to vote for any particular candidate. Plaintiff did not ask voters to vote for her, since she was unopposed. Plaintiff's encouraging citizens to vote through a drawing does not tend to corrupt. To the contrary, speech encouraging citizens to vote is speech encouraging the performance of a civic duty.

10.

Upon learning of Plaintiff's efforts to encourage the vote, Defendant sent out press releases claiming that Plaintiff's efforts were illegal. Defendant also conferred with the District Attorney for the First Judicial District of Mississippi, John D. Weddle, concerning Plaintiff's efforts to get out the vote. Subsequently, local media reported that both Defendant and Weddle sent out press releases, claiming that Plaintiff's activities were illegal. *See* article entitled *Officials look into possible election law violation by Tupelo councilwoman*, dated June 7, 2021, and article entitled *State, Local officials investigating Tupelo Councilwoman Nettie Davis over election raffle statements*, dated June 7, 2021, attached hereto as Exhibits "A" and "B," respectively.

11.

The publication of the articles, attached hereto as Exhibits "A" and "B," resulted in embarrassment to Plaintiff. Plaintiff has spent a lifetime of building a reputation as a law-abiding citizen, and the claims by a state-wide official that Plaintiff's activities were illegal were humiliating.

12.

The District Attorney for the First Judicial District of Mississippi, John D. Weddle, has informed undersigned counsel for Plaintiff that he intends to seek an indictment of Plaintiff for a violation of MISS. CODE ANN. § 23-15-561.

00359774.WPD                                    -4-

13.

Regardless of the outcome of any trial, the presentment of a case against Plaintiff to the Grand Jury, and any resulting indictment, will cause Plaintiff further humiliation and stress. Plaintiff's indictment will be widely reported in the news media. The mere fact of an indictment will cause Plaintiff extreme stress, regardless of whether or not she ultimately prevails in the criminal prosecution.

14.

By informing the District Attorney and the news media that Plaintiff's activity was illegal, Defendant has implicitly represented that MISS. CODE ANN. § 23-15-561 is constitutional and enforceable. This implicit representation is in error. MISS. CODE ANN. § 23-15-561 is, in fact, unconstitutional and unenforceable. This Court should so judicially declare.

15.

This Court should enter a declaratory judgment declaring that MISS. CODE ANN. § 23-15-561 is unconstitutional under United States Constitution Amendments One and Fourteen and under Miss. Const. §§ 13 and 14. This judgment should be entered for the following reasons:

(a)   MISS. CODE ANN. § 23-15-561 is unconstitutionally vague. The statute does not state whether it is limited to actions that are taken on the date of an election, or whether it makes illegal actions that are taken on dates other than the date of an election. In this case, Plaintiff's statements were made on a date prior to the election. Because of the canon mandating that penal statutes be construed against the State, the statute must be interpreted narrowly to apply to only speech rendered and actions taken on the date of an election. MISS. CODE ANN. § 23-15-561 is, therefore, unenforceable

because it is unconstitutionally vague, in violation of the Due Process Clauses of the Mississippi and United States Constitutions.

(b)    MISS. CODE ANN. § 23-15-561 infringes upon free speech protected by the First Amendment of the United States Constitution, and by Miss. Const. § 13. The offering of a possibility of obtaining a small "item of value" if a person votes constitutes speech. The United States Supreme Court has held that even large campaign contributions made in order to encourage persons to vote for a particular candidate are protected by the First Amendment to the United States Constitution. In this case, the mere possibility of winning a small "item of value" if one votes for a candidate of his or her choice has less of a potential for corruption than does the making of large cash campaign contributions by political action committees in order to encourage candidates to vote for a particular candidate. Plaintiff's speech encouraging voting by participating in a drawing, with a possibility of obtaining a small "item of value" if one votes, is protected by United States Constitution Amendment One. This Court should hold that speech made to encourage persons to vote is protected speech, and this Court should hold that speech to be protected by both the First Amendment of the United States Constitution and also by Miss. Const. § 13. There is no significant potential for corruption by merely offering a chance for a person to obtain a small "item of value" simply because a person exercises his or her constitutional right to vote. Voting itself is a constitutional right, and any infringement on that right can be justified only by showing a compelling state interest.

00359774.WPD                                          -6-

(c)   MISS. CODE ANN. § 23-15-561 violates the Equal Protection Clause of the Fourteenth

Amendment of the United States Constitution and violates the Due Process Clause

of Miss. Const. § 14.  The law makes it unlawful to offer any "item of value to be

raffled, drawn for, played for or contested for in order to encourage persons to vote

or to refrain from voting in any election."  MISS. CODE ANN. § 23-15-561(1).

Mississippi law does not, however, make it unlawful to give a voter a small "item of

value" in order to encourage him or her to vote.  Mississippi law has long established

that candidates may lawfully give items of value, such as free food, free beer, free

transportation, and time off from work in order to encourage voting.  The Mississippi

Supreme Court has held that such direct enticements to vote are lawful.  *Naron v.*

*Prestage*, 469 So. 2d 83 (Miss. 1985).  Mississippi statutes allow direct methods to

encourage voting, but MISS. CODE ANN. § 23-15-561 disallows indirect methods of

encouraging voting, such as the possibility of obtaining a small "item of value"

through a drawing.   Defendants have, thus, arbitrarily denied Plaintiff equal

protection of law in violation of the Fourteenth Amendment and in violation of the

Due Process Clause of the Mississippi Constitution.  The difference between a direct

method of encouraging voting and an indirect method (conducting a drawing) should

be subjected to strict scrutiny, since this difference infringes both upon the

fundamental right to vote and upon the fundamental right to free speech.

16.

Defendant's press releases and his efforts to enforce MISS. CODE ANN. § 23-15-561 have had

the possible effect of discouraging African Americans from voting. Unless MISS. CODE ANN. § 23-

15-561 is declared unconstitutional, Defendant will continue to enforce that statute and will continue

to engage in a public relations campaign against persons who use a drawing to encourage voting.

Further, unless this Court declares MISS. CODE ANN. § 23-15-561 to be unconstitutional, a likely

criminal prosecution of Plaintiff will result. Accordingly, this Court should enter a declaratory

judgment that MISS. CODE ANN. § 23-15-561 violates the Constitutions of the United States and of

Mississippi and is unenforceable, both on its face and as applied.

17.

Alternatively, if this Court should find that MISS. CODE ANN. § 23-15-561 is enforceable,

then this Court should declare that Plaintiff is not a "candidate in the race for the elective office. .

. ." as described in the statute. The statute provides that a candidate "for the elective office" who

violates its provisions is subject to removal from office. Plaintiff should not be considered a

candidate "for the elective office," since Plaintiff was unopposed. Plaintiff's efforts were unrelated

to her own candidacy. The statute should be properly construed as disallowing any effort to remove

Plaintiff from office, even if this Court should erroneously find that MISS. CODE ANN. § 23-15-561

is otherwise enforceable.

18.

MISS. CODE ANN. § 23-15-561 cannot be constitutionally construed to require Plaintiff's

removal from office. Since Plaintiff was unopposed, she is similarly situated, as any other citizen

who would participate in conducting a drawing in order to encourage voting. There is no rational

-8-

basis for distinguishing Plaintiff, as a candidate who was unopposed for election, from any other person who encourages the right to vote. Therefore, to enforce the sanction of removing Plaintiff from office violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and violates the Due Process Clause of the Mississippi Constitution. Defendant must show a compelling interest in order to remove Plaintiff from office, since MISS. CODE ANN. § 23-15-561 fundamentally offends the First Amendment right of voters to elect the candidate of their choice and infringes upon the fundamental right to freedom of speech.

## **REQUEST FOR RELIEF**

Plaintiff requests a declaratory judgment, whereby this Court judicially declares that MISS. CODE ANN. § 23-15-561 is unenforceable. Alternatively, if this Court finds MISS. CODE ANN. § 23-15-561 is enforceable, Plaintiff requests a declaratory judgment that she cannot constitutionally be removed from her elective office as a penalty for violating MISS. CODE ANN. § 23-15-561. Plaintiff also requests reasonable attorneys' fees and costs, pursuant to 42 U.S.C.A. § 1988.

RESPECTFULLY SUBMITTED, this the 31st day of August, 2021.

NETTIE Y. DAVIS, Plaintiff

By:  _____

Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

# Officials look into possible election law violation by Tupelo councilwoman



*Councilwoman Nettie Davis on the city of Tupelo website June 7, 2021.*

The state's top election official and a local prosecutor are looking into whether Tupelo Councilwoman Nettie Davis broke the law after she appeared on a video to offer a cash reward to people if they voted.

Posted: Jun 7, 2021 8:52 PM
Updated: Jun 7, 2021 9:09 PM
Posted By: Craig Ford and Mel Carlock

TUPELO, Miss. (WTVA) — The state's top election official and a local prosecutor are looking into whether Tupelo Councilwoman Nettie Davis broke the law after she appeared on a video to offer a cash reward to people if they voted.

Secretary of State Michael Watson said in a statement Monday his office got the video and also got reports of "local churches promoting cash prizes to encourage absentee voting in the same area."

According to state law, it is illegal for anyone to put up cash or prizes to get people to vote or not vote. A candidate convicted of a violation, which is a misdemeanor, would face fines and be disqualified from an election or removed from an elected office.

Journalists with WTVA 9 News watched the video, which appeared to be recorded over the weekend just days before Tupelo's general election and apparently appeared on Facebook.

We are not showing the video since we have yet to determine who recorded it and whether we can get permission from that person to use it.

District Attorney John Weddle issued a statement Monday where he said he was "dedicated to handling this matter and any other violations aggressively."

"If you have first-hand knowledge of one of these events where money was offered in a drawing or in the form of a prize and care about free, fair and honest elections, we'd love to visit with you," said Weddle.

Watson encouraged people to call his office's elections hotline at 1-800-829-6786 to report any election issues.

WTVA 9 News did reach out to Nettie Davis for a comment about the video but did not get a response.

EXHIBIT
A

Davis, a Democrat, is unopposed in Tuesday's general election.

https://www.djournal.com/news/local/state-local-officials-investigating-tupelo-councilwoman-nettie-davis-over-election-raffle-statements/article_95f5896d-cdc6-59be-af9c-51fa443c787e.html

# State, local officials investigating Tupelo Councilwoman Nettie Davis over election raffle statements

By CALEB BEDILLION and TAYLOR VANCE Daily Journal
Jun 7, 2021



Davis

**TUPELO** • Mississippi's top election official and the local district attorney are investigating whether City Councilwoman Nettie Davis ran afoul of election laws prohibiting voter turnout efforts linked to cash raffles.

During a campaign event on Saturday, Davis described an upcoming raffle that would award cash prizes to people who cast a ballot in Tuesday's municipal election, according to a video posted to Facebook. The video has since been deleted.





"If you will come back here and donate $100, and we'll give this money away to people who went and voted," Davis said. "We'll pull names after they have voted, and what we'll do is give this money away the day after the voting is over."

Later, she indicated that raffle participants would prove that they cast a ballot by showing their "I Voted" sticker, which are distributed by poll workers at local precincts.

In the video, Davis does not describe the upcoming cash raffle as a reward to vote for any particular candidate.

Davis could not immediately be reached for comment.

### 🖹 With Tupelo's mayoral office on the line, voters head to the polls

In a strongly-worded statement released Monday evening, District Attorney John Weddle said his office is investigating the raffle described by Davis.

"These actions will not be tolerated," Weddle said. "I am dedicated to handling this matter and any other violations aggressively."

Weddle is working with Secretary of State Michael Watson in the investigation, according to statements by the two men, who are both Republicans. Davis is a Democrat.

In a statement released late Monday afternoon, Watson did not mention Davis by name but said his office is investigating multiple allegations of get-out-the-vote efforts in Tupelo that Watson claims could violate state law.

"Our office recently received reports and video footage of what appears to be an individual publicly offering cash prizes to encourage voter participation in Tuesday's municipal election in Tupelo," Watson said in a statement. "We've also received numerous reports of local churches promoting cash prizes to encourage absentee voting in the same area."

According to state law that Watson cites, it is unlawful for anyone to "put up or in any way offer any prize, cash award or other item of value to be raffled, draw for, played for or contested for in order to encourage person to voter or to refrain from voting in any election."

The statute in question provides for a fine not to exceed $5,000 for violators. It also provides that elected officials violating the statute may be removed from office.

The office of Attorney General Lynn Fitch is reviewing the video of Davis and is awaiting the submission of a formal complaint before determining whether any further action is needed.

"We take all complaints about election integrity seriously," spokesperson Colby Jordan told the Daily Journal.

caleb.bedillion@djournal.com

taylor.vance@djournal.com



District Attorney John Weddle 'actively investigating' election raffle comments

## Caleb Bedillion

Investigative/Enterprise Editor

Caleb is the editor for political, investigative and enterprise work by the Daily Journal.

Case 3ECH 21-cv-00547-WLK   Document # 2-1   Filed: 08/01/2021   Page 1 of 1

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| **2 5** | **1** | **C I** | **2 0 2 1** | **5 4 7** |
| County # | Judicial District | Court ID (CH, CI, CO) | | |

| | | | Local Docket ID |
|---|---|---|---|
| **0 9** | **0 1** | **2 1** | |
| Month | Date | Year | |

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

This area is to be completed by clerk

Case Number if filed prior to 1/1/94

| In the CIRCUIT | Court of HINDS | County → FIRST | Judicial District |
|---|---|---|---|

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** Davis | Nettie | | Y.

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

**Business** ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

**Address of Plaintiff** 326 Barnes Street Tupelo, MS 38804

**Attorney (Name & Address)** Jim Waide, Waide & Associates, P.A., P.O. Box 1357, Tupelo, MS 38802 | **MS Bar No.** 6857

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: *Jim Waide*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** Watson | Michael | | |

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

**Business** ___
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

**Attorney (Name & Address) - If Known** | **MS Bar No.** ___

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ___

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ___

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ___

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ___

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ___

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ___

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [X] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ___

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ___

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ___

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NETTIE Y. DAVIS**                                                        **PLAINTIFF**

                                                                        21-547
**VERSUS**                                                    **CAUSE NO.** ~~19-297~~

**MICHAEL WATSON, Secretary of State of the**
**State of Mississippi, in His Individual and Official Capacities**        **DEFENDANT**

### <u>SUMMONS</u>

**THE STATE OF MISSISSIPPI**

**TO:    MICHAEL WATSON, Secretary of State of the State of Mississippi**
**401 Mississippi Street, Jackson, Mississippi 39201, or**
**125 South Congress Street, Jackson, Mississippi 39201**

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
**JIM WAIDE**, attorney for Plaintiff, whose mailing address is **P.O. Box 1357, Tupelo, MS 38802-
1357**, and whose street address is **332 North Spring Street, Tupelo, MS  38804-3955**.  Your
response must be mailed or delivered within thirty (30) days from the date of delivery of this
Summons and Complaint, or a judgment by default will be entered against you for the money or
other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this ___1___ day of _Sept_, 2021.

                                    ZACK WALLACE, Clerk
                                    Circuit Court of Hinds County, Mississippi
                                    Post Office Box 327
                                    Jackson, MS 39201

(S E A L)

                        By:    _____Karla Bailey_____

                            Deputy Clerk

00360057.WPD

## PROOF OF SERVICE – SUMMONS
### (Process Server)

_____
Name of Person or Entity Served

    I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

    _____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies of the Summons and Complaint to the person served, together with copies of the form of notice and ACKNOWLEDGMENT and return envelope, postage prepaid, addressed to the sender. (Attach completed ACKNOWLEDGMENT of receipt pursuant to M.R.C.P. Form 1B.)

    _____ **PERSONAL SERVICE.** I personally delivered copies of the Summons and Complaint to _____ on the _____ day of _____, 2021, where I found said person(s) in _____ County of the State of Mississippi.

    _____ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies of the Summons and Complaint to said person within _____ County of the State of Mississippi. I served the Summons and Complaint on the _____ day of _____, 2021, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 2021, I mailed (by first class mail, postage prepaid) copies of the Summons and Complaint to the person served at his or her usual place of abode where the copies were left.

    _____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies of the Summons and Complaint to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

    At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name: _____
Address: _____
_____
Telephone Number: _____

00360057.WPD

STATE OF MISSISSIPPI

COUNTY OF _____

     Personally appeared before me, the undersigned authority in and for the said county and state, within my jurisdiction, the within named _____, who, being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing **Proof of Service – Summons** are true and correct as therein stated.

                                              _____

                                              Process Server (Signature)

     Sworn to and subscribed before me, this _____ day of _____, 2021.

( S E A L )

                                                _____

                                              Notary Public

                                              My Commission Expires:_____

00360057.WPD

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**NETTIE Y. DAVIS**                                                     **PLAINTIFF**

**VERSUS**                                                CAUSE NO. _____

**MICHAEL WATSON, Secretary of State of the**
**State of Mississippi, in His Individual and Official Capacities**              **DEFENDANT**

---

### NOTICE TO ATTORNEY GENERAL

---

TO:     Mississippi Attorney General Lynn Fitch
        Post Office Box 220
        Jackson, MS 39205-0220
        lynn.fitch@ago.ms.gov

NOTICE IS HEREBY GIVEN that Plaintiff Nettie Y. Davis has filed a Complaint for

declaratory judgment, alleging that MISS. CODE ANN. § 23-15-561 is unconstitutional.  A copy of

this Complaint is attached.  This notice is given pursuant to MISS. R. CIV. P. 23.2(d).

RESPECTFULLY SUBMITTED, this the 31st day of August, 2021.

NETTIE Y. DAVIS, Plaintiff

By:     _____
        Jim Waide, MS Bar No. 6857
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEYS FOR PLAINTIFF

00360022.WPD

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiff has this day filed the foregoing pleading or other paper with the Clerk of the Court, and has this day served a true and correct copy of the above and foregoing, via electronic mail and First-Class U.S. Mail, postage-prepaid, upon the following:

**Mississippi Attorney General Lynn Fitch**
**Post Office Box 220**
**Jackson, MS 39205-0220**
**lynn.fitch@ago.ms.gov**

SO CERTIFIED, this the 31st day of August, 2021.

_____
Jim Waide

00360022.WPD                                          -2-