IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NETTIE Y. DAVIS**                                                                                               **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NUMBER 3:21-cv-616-DPJ-FKB**

**MICHAEL WATSON, Secretary of State of the**                               **DEFENDANT**
**State of Mississippi, in His Individual and Official Capacities**

**ANSWER AND AFFIRMATIVE DEFENSES OF
MICHAEL WATSON**

COMES NOW Defendant, Michael Watson, Secretary of State of the State of Mississippi, in his individual and official capacities (hereafter "Secretary Watson"), and files this his Answer and Defenses to the Plaintiff's Complaint, as follows:

**FIRST DEFENSE**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

**SECOND DEFENSE**

Pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure, there has been insufficient process against Secretary Watson in this matter.

**THIRD DEFENSE**

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, there has been insufficient service of process against Secretary Watson in this matter.

**FOURTH DEFENSE**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff has failed to state a claim upon which relief can be granted.

1

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

Secretary Watson affirmatively asserts all common law and statutory immunities to which he may be entitled.

**SEVENTH DEFENSE**

Secretary Watson affirmatively asserts all defenses to which he is or may become entitled to through discovery in this action, under 42 U.S.C. §§1983 and 1985 and/or any other applicable provisions of federal or state law.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrine of laches.

**NINTH DEFENSE**

Some or all of Plaintiff's claims are barred by lack of standing, by the mootness doctrine, and unripe for judicial review, by Plaintiff's lack of prudential standing, and/or for a lack of a private right of action.

**TENTH DEFENSE**

**ANSWER**

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiff's Complaint, paragraph by paragraph, Secretary Watson answers and alleges as follows:

1. Secretary Watson admits the allegations contained in Paragraph One (1) of the Plaintiff's Complaint.

2. Secretary Watson admits that he is the Secretary of State of the State of Mississippi. Secretary Watson also admits that, as Secretary of State of the State of Mississippi, he is charged by statute with the administration and interpretation of the State's election laws. Secretary Watson denies the remaining allegations contained in Paragraph Two (2) of the Plaintiff's Complaint.

3.      Secretary Watson denies the allegations contained in Paragraph Three (3) of the Plaintiff's Complaint.

4.      Secretary Watson admits that, at all relevant times to this matter, he acted under color of state law.  Secretary Watson denies the remaining allegations contained in Paragraph Four (4) of the Plaintiff's Complaint.

5.      Secretary Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph Five (5) of the Plaintiff's Complaint and, as such, the allegations are denied.

6.      Secretary Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph Six (6) of the Plaintiff's Complaint and, as such, the allegations are denied.

7.      Secretary Watson denies the allegations contained in Paragraph Seven (7) of the Plaintiff's Complaint.

8.      Secretary Watson denies the allegations contained in Paragraph Eight (8) of the Plaintiff's Complaint.

9.      Secretary Watson denies the allegations contained in Paragraph Nine (9) of the Plaintiff's Complaint.

10.     Except to state that the articles attached to the Complaint as Exhibits "A" and "B", where applicable, speak for themselves, Secretary Watson denies the allegations contained in Paragraph Ten (10) of the Plaintiff's Complaint.

11.     Except to state that the articles attached to the Complaint as Exhibits "A" and "B", where applicable, speak for themselves, Secretary Watson denies the allegations contained in Paragraph Eleven (11) of the Plaintiff's Complaint.

12. Secretary Watson lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph Twelve (12) of the Plaintiff's Complaint and, as such, the allegations are denied.

13. Secretary Watson denies the allegations contained in Paragraph Thirteen (13) of the Plaintiff's Complaint.

14. Secretary Watson denies the allegations contained in Paragraph Fourteen (14) of the Plaintiff's Complaint.

15. Secretary Watson denies the allegations contained in Paragraph Fifteen (15), and all sub-paragraphs, of the Plaintiff's Complaint.

16. Secretary Watson denies the allegations contained in Paragraph Sixteen (16) of the Plaintiff's Complaint.

17. Secretary Watson denies the allegations contained in Paragraph Seventeen (17) of the Plaintiff's Complaint.

18. Secretary Watson denies the allegations contained in Paragraph Eighteen (18) of the Plaintiff's Complaint.

## REQUEST FOR RELIEF

Secretary Watson denies each and every remaining allegation contained in the Plaintiff's Complaint from the paragraph beginning with the phrase, "Plaintiff requests a …" through the end of the Complaint. Secretary Watson specifically denies that the Plaintiff is entitled to any relief whatsoever in this matter.

## ELEVENTH DEFENSE

Secretary Watson reserves the right to amend his answer and defenses to add defenses or institute third-party actions as additional facts are developed through discovery. Secretary Watson does not waive and further reserves any and all affirmative defenses set forth in the Mississippi Code, Mississippi case law, the United States Code, or federal case law, including but not limited to those set

forth in Rules 8(c) and 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against him herein, Defendant, Michael Watson, Secretary of State of the State of Mississippi, in his individual and official capacities, respectfully requests that the Complaint be dismissed with prejudice with costs assessed to the Plaintiff.

THIS the 30th day of September 2021.

    Respectfully submitted,

    MICHAEL WATSON, SECRETARY OF STATE OF THE STATE OF MISSISSIPPI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, DEFENDANT

By:    LYNN FITCH, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:    s/Gerald L. Kucia
        GERALD L. KUCIA (MSB #8716)
        Special Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.: (601) 359-4072
Fax: (601) 359-2003
gerald.kucia@ago.ms.gov

ATTORNEY FOR DEFENDANT MICHAEL
    WATSON, SECRETARY OF STATE
    OF THE STATE OF MISSISSIPPI,
    IN HIS INDIVIDUAL AND OFFICIAL
    CAPACITIES

## CERTIFICATE OF SERVICE

I, Gerald L. Kucia, Special Assistant Attorney General and attorney for Defendant Michael Watson, Secretary of State of the State of Mississippi, in his Individual and Official Capacities, do hereby certify that I have this date served the foregoing pleading by United States Mail to the following:

Jim Waide, Esq.
Waide and Associates, P.A.
Post Office Box 1357
Tupelo, Mississippi 38802-1357
    *Attorney for Plaintiff*

THIS the 30th day of September 2021.

                                                s/Gerald L. Kucia
                                               GERALD L. KUCIA