IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NETTIE Y. DAVIS**                                                                                       **PLAINTIFF**

**VERSUS**                                                                **CAUSE NO. 3:21-cv-616-DPJ-FKB**

**MICHAEL WATSON, Secretary of State of the
State of Mississippi, in His Individual and Official Capacities**            **DEFENDANT**

---

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT
MICHAEL WATSON'S MOTION TO STAY PROCEEDINGS [5]**

---

### I.   FACTS

Plaintiff Nettie Y. Davis is an elected councilperson for the City of Tupelo, Mississippi, a position she has held for twenty (20) years.  Complaint, ¶ 5 [1-1].

Davis has long been concerned with the lack of African-Americans who vote in Mississippi, and the fact that the percentage of black persons voting is "substantially less" than the percentage of white persons voting in Mississippi.  Complaint, ¶ 6 [1-1].  Davis has tried to change this practice by encouraging African-Americans to register to vote and to vote.  Complaint, ¶ 6 [1-1].

Prior to the scheduled June 8, 2020 Tupelo, Mississippi general municipal election, Davis organized a "get out the vote" assembly.  At that assembly, Davis encouraged the attendees, almost all of whom were African-American, to vote in the upcoming June 8, 2020 election.  Complaint, ¶ 8 [1-1].  In the process of encouraging citizens to vote, and to increase the African-American turnout, Davis asked the citizens gathered there to make contributions, and stated an intent to have a drawing

to award any money collected to the winner of a post-election drawing, with only those persons who had voted being eligible to participate in the drawing. Complaint, ¶ 8 [1-1].

Before any drawing was held, however, Davis was informed that such a drawing violated a Mississippi law, which turned out to be MISS. CODE ANN. § 23-15-561. Davis did not want to take any chance that she was violating the law, and immediately ceased her efforts. Complaint, ¶ 8 [1-1].

Notwithstanding the fact that Davis had nothing to gain in the election, since she was unopposed, and notwithstanding the fact that she was not offering the money for voting for any particular candidate, nor was she coordinating with any candidate, Defendant Secretary of State of the State of Mississippi, sent out press releases claiming that Davis' efforts were "illegal." Complaint, ¶ 10 [1-1].

Thereafter, the District Attorney informed the undersigned attorney that he intended to seek an indictment of Davis. Complaint, ¶ 12 [1-1].

Davis filed this Complaint alleging that regardless of whether she was indicted or the outcome of any trial, the very "presentment of a case against [Davis] to the Grand Jury, and any resulting indictment, will cause [Davis] further humiliation and stress." Complaint, ¶ 13 [1-1].

Davis, therefore, sought to obtain a declaratory judgment that MISS. CODE ANN. § 23-15-561 is unconstitutional. Complaint, ¶ 14 [1-1].

Davis filed her suit in the Circuit Court of Hinds County, Mississippi. Defendant removed the case to this Court. Notice of Removal [1].

In removing the case, Defendant acknowledged that the case had properly been filed in the Circuit Court of Hinds County, Mississippi, stating:

> The United States District Court for the Southern District of Mississippi, Northern Division, has jurisdiction over this matter and is the proper venue for this action as the events described in the Complaint allegedly rise to the suit occurred in the First Judicial District of Hinds County, Mississippi, and the Complaint was filed in the Circuit Court for the First Judicial District of Hinds County, Mississippi.

Notice of Removal, ¶ 4 [1].

On September 30, 2021, consistent with his statement to the undersigned that he would seek an indictment of Davis, the District Attorney obtained an indictment of Davis. *See* Indictment, Exhibit "A."

Even though Defendant, himself, removed the case to this Court, he now wants this Court not to hear this case. Instead, Defendant seeks to stay the action so that a conviction can be obtained and he can then invoke the doctrine of *Heck v. Humphry,* 512 U.S. 477 (1994), to bar this action.

## II. ARGUMENT

### DEFENDANT WAIVED ANY RIGHT TO HAVE THIS COURT REFUSE TO HEAR THIS CASE (THROUGH A STAY OR OTHERWISE), SINCE HE IS THE PARTY WHO REMOVED THE CASE TO FEDERAL COURT.

Defendant cites a number of district court cases which have stayed civil rights actions, actions under 42 U.S.C. § 1983, until related criminal proceedings are resolved in the state court. *See* Defendant's Motion to Stay Proceedings, p. 3 [5]. Defendant also cites an inapplicable United States Supreme Court case, *Wallace v. Kato,* 549 U.S. 384, 393 (2007), which did not deal with the issue at hand, but dealt with the issue of when the statute of limitations begin to run in a wrongful arrest case. Defendant also cites two (2) Fifth Circuit cases, one of which has observed that "the court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course. . . ." *Mackey v. Dickson,* 47 F. 3d 744, 746 (5th Cir. 1995). *See* Defendant's Motion to Stay Proceedings, p. 2 [5].

Defendant has, however, omitted a crucial distinguishing fact: Defendant is the party who removed this case to this Court and invoked the federal court's jurisdiction.

*Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618-19 (2002), presented the issue of "whether a State waives [Eleventh Amendment] immunity when it removes a case from state court to federal court." The Supreme Court answered in the affirmative, observing that it

> would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand.

*Lapides*, 535 U.S. at 619.

The Supreme Court cited precedents which hold that "where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Lapides*, 535 U.S. at 619 (emphasis in original). The Supreme Court stated that it had "long accepted this statement of the law as valid, often citing with approval the cases embodying that principle." *Lapides*, 535 U.S. at 619.

The Supreme Court concluded that "the State was brought involuntarily into the case as a defendant in the original state-court proceedings," but had "then voluntarily agreed to remove the case to federal court," and that "the general legal principle requiring waiver ought to apply." *Lapides*, 535 U.S. at 620.

In this case, the general principle requiring waiver established in *Lapides*, and followed in many cases, such as *Allstate Ins. Co. v. Abbott*, 495 F.3d 151, 160 (5th Cir. 2007), should be applied.

There is no difference in principle between Defendant's seeking immunity from suit under the Eleventh Amendment and Defendant's seeking a stay in hopes of barring the suit based upon the collateral estoppel rule of *Heck v. Humphry,* 512 U.S. 477 (1994). In each case, there is a strong federal policy in favor of a federal court's declining to hear a matter in which the state official is a defendant, but this strong policy is overcome by a defendant's removal to a federal court. The basic principle is that where a party has "voluntarily agreed to remove the case to federal court," "the general legal principle requiring waiver ought to apply." *Lapides*, 535 U.S. at 620. Defendant should not be permitted to claim a doctrine requiring the federal court to refuse to hear a case when Defendant is the party who has asked that the federal court hear the case.

Defendant also seeks a stay on practical grounds. Defendant speculates that Davis will claim the Fifth Amendment and, thus, hinder the discovery process in federal court. Davis hereby alleviates Defendant's concerns by stating that Davis has no intention of invoking the Fifth Amendment.

### III.  CONCLUSION

Defendant, not Plaintiff Nettie Y. Davis, invoked this Court's jurisdiction. Defendant has waived any right to have this Court issue any stay or otherwise refrain from hearing this case.

RESPECTFULLY SUBMITTED, this the 1st day of November, 2021.

        NETTIE Y. DAVIS, Plaintiff

By:   */s/ JIM WAIDE*
       Jim Waide, MS Bar No. 6857
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street
       Tupelo, MS 38804-3955
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

Gerald L. Kucia
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
550 High Street, Suite 1100
P. O. Box 220
Jackson, MS 39205
Email: gerald.kucia@ago.ms.gov

DATED, this the 1st day of November, 2021.

       */s/ **Jim Waide***
       JIM WAIDE