# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**NETTIE Y. DAVIS**                                                                            **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NUMBER 3:21-cv-616-DPJ-FKB**

**MICHAEL WATSON, Secretary of State of the**                           **DEFENDANT**
**State of Mississippi, in His Individual and Official Capacities**

### DEFENDANT MICHAEL WATSON'S REPLY TO
### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO MOTION TO STAY PROCEEDINGS

COMES NOW Defendant, Michael Watson, Secretary of State of the State of Mississippi, in his individual and official capacities (hereafter "Secretary Watson"), and files this reply to the Plaintiff's opposition to motion to stay proceedings, as follows:

### FACTS RELEVANT TO THE CURRENT MOTION

On September 1, 2021, the Plaintiff filed this §1983 action against Secretary Watson in the Circuit Court for the First Judicial District of Hinds County, Mississippi. [Doc. 1-1]. In her Complaint, the Plaintiff claimed that Secretary Watson violated her constitutional rights protected by the First and Fourteenth Amendment because he threatened to indict her pursuant to Mississippi Code Ann. §23-15-561. [Doc. 1-1]. Section 23-15-561 prohibits any candidate for public office from publicly or privately putting up or in any way offering any prizes, cash awards, or other items of value to be raffled, drawn for, played for, or contested in order to get people to vote or refrain from voting.  Secretary Watson removed this case to this Court on September 24, 2021 [Doc. 1] and filed his Answer and Affirmative Defenses. [Doc. 2].

On September 30, 2021, after the Plaintiff filed her §1983 Complaint, the Grand Jury for Lee County, Mississippi, returned an indictment against the Plaintiff based upon her violation of Mississippi Code Ann. §23-15-561. [Doc. 5-1].  If she is ultimately found guilty of violating the statute, the Plaintiff faces a possible fine of up to $5,000.00 and removal from her elective office as a city councilperson for the city of Tupelo.

Secretary Watson has filed a motion to have the case now before this Court stayed pending completion of the state court criminal proceeding. [Doc. 5].  The Plaintiff objects to Secretary Watson's request for a stay. [Doc. 8].  For the reasons set forth below, this Court should overrule the Plaintiff's objection and stay this matter pending resolution of the criminal case currently pending before the Circuit Court of Lee County.

## ANALYSIS

In her response to Secretary Watson's request for a stay, the Plaintiff, relying on ***Lapides v. Board of Regents of University System of Georgia***, 535 U.S. 613 (2002), argues that:

> ". . . there is no difference in principle between Defendant's seeking immunity from suit under the Eleventh Amendment and Defendant's seeking a stay in hopes of barring the suit based upon the collateral estoppel rule of ***Heck v. Humphrey,*** 512 U.S. 477 (1994).  In each case, there is a strong federal policy in favor of a federal court's declining to hear a matter in which the state official is a defendant, but this strong policy is overcome by a defendant's removal to a federal court.  The basic principle is that where a party has "voluntarily agreed to remove the case to federal court," "the general legal principle requiring waiver ought to apply."

However, the Plaintiff's assertion is not supported by any authority and completely misses Secretary Watson's position.  Secretary Watson is ***not*** asking this Court to dismiss the Plaintiff's Complaint but is asking this Court to **stay** the Plaintiff's civil case pending completion of the criminal case that is now pending before the Circuit Court of Lee County, Mississippi.

***Heck v. Humphrey***, 512 U.S. 477 (1994), and ***Wallace v. Kato,*** 549 U.S. 384 (2007), support Secretary Watson's request for a stay in this matter.  In ***Heck,*** the United States Supreme Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

***Id.*** at 486-87 (footnote omitted).

In ***Wallace,*** the Supreme Court applied ***Heck*** to those cases in which a criminal defendant has not yet been convicted but who has filed a §1983 action alleging a violation of his/her constitutional rights.  The Supreme Court ruled:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to **stay** the civil action until the criminal case or the likelihood of a criminal case is ended. See id., at 487-88, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); ***Quackenbush v. Allstate Ins. Co.,*** 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, ***Heck*** will require dismissal; otherwise, the civil action will proceed, absent some other **bar** to suit. ***Edwards v. Balisok,*** 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L. Ed. 2d 906 (1997); ***Heck,*** 512 U.S. at 487, 114 S.Ct. 2364.

The United States Circuit Court for the Fifth Circuit has recognized that if a claim is potentially barred by ***Heck,*** the best practice is for the district court to stay the proceedings until the pending criminal case is resolved. ***Hopkins v. Ogg,*** 783 Fed. Appx. 350, 355 (5th Cir. 2019). In ***Gates v. Strain,*** 885 F. 3d 874 (5th Cir. 2018), the Fifth Circuit declared that a district court

should stay §1983 cases that may implicate the validity of pending criminal proceedings until those underlying proceedings have run their course.

The case now before this Court is precisely the situation addressed by the Supreme Court in *Wallace* and the Fifth Circuit in *Gates*. If the State court ultimately convicts the Plaintiff in the underlying criminal case, her Complaint would be *Heck* barred. On the other hand, if the Plaintiff is eventually exonerated, her §1983 claim against Secretary Watson might move forward. Under these circumstances, this Court should stay this case pending a final resolution of the Plaintiff's criminal case. The validity of the Plaintiff's pending criminal proceedings would obviously be implicated by this Court's decision in the Plaintiff's §1983 action. Therefore, the Plaintiff's criminal case should be allowed to run its course before this Court decides the merits of this case.

Several district courts within the Fifth Circuit have relied on the above-quoted section of *Wallace* in staying §1983 actions pending the outcome of underlying criminal proceedings. **See, e.g., Willis v. City of Hattiesburg,** 2015 WL 13651763, *6 (S.D. Miss. 2015); **St. Cyre v. Madere,** 2012 WL 5757832 at *3 (E.D. La. 2013); **Iberia Texaco Food Mart, LLC v. Ackal,** 2013 WL 166396, at *3-4 (W.D. La. 2013); **Pellerin v. Neustrom,** 2011 WL 6749019 (W.D. La. 2011); **Max-George v. Keel,** 2010 WL 2010876, at *3-4 (S.D. Tex. 2010); **Quinn v. Guerrero,** 2010 WL 412901 (E.D. Tex. 2010); **Profit v. Ouachita Parish**, 2010 WL 1643800 (W.D. La. 2010); **Brown v. Hill,** 2010 WL 1734721 (W.D. La. 2010); **Fox v. Campbell,** 2009 WL 10786809 (E.D. Tex. 2009); **Holt v. Jefferson Parish Sheriff's Office,** 2007 WL 4114357 (E.D. La. 2007); *c.f.* **Mackey v. Dickson,** 47 F.3d 744, 746 (5th Cir. 1995) (holding, pre-*Wallace*, that the district court erred in dismissing the plaintiff's claims pursuant to *Heck*, and that a **stay** of proceedings until the criminal case against the plaintiff had run its course was appropriate). District courts in other Circuits have reached similar results. **See Richardson v. Union Public Safety Department Police,** 2012 WL

4051826, at *5 (D. S.C. 2012) ("Accordingly, because Richardson has filed an appeal in his state criminal case, a **stay** is proper in this case."), *adopted by* 2012 WL 4051513 (D. S.C. 2012); **Hunt v. Thomas,** 2009 WL 2601320, at *4 (N.D. Ill. 2009)("Accordingly, this court **stays** the proceedings in Plaintiff's §1983 case until there is a resolution in both his Illinois and Wisconsin appeals of his criminal convictions."); **Boulden v. Froseth,** 2008 WL 2622861, at *2 (W.D. Wis. 2008)(staying the plaintiff's civil case where his criminal case had not yet ended due to it being on appeal); **Olson v. Lemos,** 2008 WL 782724, at *2 (E.D. Cal. 2008)(staying the plaintiff's *Heck*-barred claims pending the outcome of the appeal of her criminal conviction); **Herrera v. City of Brunswick,** 2008 WL 305275, at *9 (D. N.J. 2008)(finding a **stay**, as opposed to dismissal pursuant to *Heck*, of the plaintiff's false arrest and malicious prosecution claims until the resolution of her state court criminal appeal to be appropriate); **Hayhurst v. Upper Makefield Twp.,** 2007 WL 1795682, at *8-9 (E.D. Pa. 2007)(declining to dismiss the plaintiff's false arrest claim pursuant to *Heck* and instead ordering a **stay** because a reversal of the plaintiff's conviction in her pending state court appeal would preclude any application of the *Heck* bar). This Court should follow these other courts and stay this case.

  A district court has broad discretion to stay proceedings as incident to its power to control its own docket. **Clinton v. Jones,** 520 U.S. 681, 706 (1997); **In re Ramu Corporation,** 903 F. 2d 312, 318 (5th Cir. 1990). This Court has previously recognized its inherent power to stay its proceedings. **Hood ex rel. Mississippi v. Microsoft Corporation,** 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006). The power to stay is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. *Id.* This power is best accomplished by the exercise of judgment, which must weigh

competing interests and maintain an even balance. *Id.* This Court should exercise its judgment and discretion and stay this matter pending resolution of the Plaintiff's criminal case.

## CONCLUSION

For these reasons, it is requested that the Court enter a stay of all proceedings in this case until Plaintiff's criminal charges are resolved.

THIS the 8th day of November, 2021.

        Respectfully submitted,

        MICHAEL WATSON, SECRETARY OF STATE
        OF THE STATE OF MISSISSIPPI, IN HIS
        INDIVIDUAL AND OFFICIAL CAPACITIES,
        DEFENDANT

        By:    LYNN FITCH, ATTORNEY GENERAL
                  STATE OF MISSISSIPPI

        By:    s/Gerald L. Kucia
                  GERALD L. KUCIA (MSB #8716)
                  Special Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4072
Fax:  (601) 359-2003
Gerald.kucia@ago.ms.gov

ATTORNEY FOR DEFENDANT MICHAEL
     WATSON, SECRETARY OF STATE
     OF THE STATE OF MISSISSIPPI,
     IN HIS INDIVIDUAL AND OFFICIAL
     CAPACITIES

## **CERTIFICATE OF SERVICE**

I, Gerald L. Kucia, Special Assistant Attorney General and attorney for Defendant Michael Watson, Secretary of State of the State of Mississippi, in his Individual and Official Capacities, do hereby certify that I have this date served the foregoing pleading by United States Mail to the following:

Jim Waide, Esq.
Waide and Associates, P.A.
Post Office Box 1357
Tupelo, Mississippi 38802-1357
*Attorney for Plaintiff*

THIS the 8th day of November, 2021.

                                                s/Gerald L. Kucia
                                                GERALD L. KUCIA