UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NETTIE Y. DAVIS                                                                                           PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:21-CV-616-DPJ-FKB

MICHAEL WATSON, SECRETARY OF                                                              DEFENDANT
STATE OF THE STATE OF MISSISSIPPI,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES

ORDER

Defendant Michael Watson asks the Court to stay this case until the underlying state criminal charge against Plaintiff Nettie Y. Davis is resolved. Mot. [5]. As explained below, the motion to stay is granted.

I.      Facts and Procedural History

Davis, an elected member of the Tupelo City Council, held a June 1, 2021 assembly aimed at encouraging citizens to vote in the June 8, 2021 election. At the assembly, Davis "asked citizens to donate a small amount of money," which she said would be "given to voters" "who could prove they had voted" and "whose names were to be drawn in a drawing to be held after the election." Compl. [1-1] ¶ 8. "Before any drawing was held, however, [Davis] was informed . . . that such a drawing violated a Mississippi statute." *Id.* That statute, Mississippi Code section 23-15-561, provides:

> (1) It shall be unlawful during any primary or any other election for any candidate for any elective office or any representative of such candidate or any other person to publicly or privately put up or in any way offer any prize, cash award or other item of value to be raffled, drawn for, played for or contested for in order to encourage persons to vote or to refrain from voting in any election.
>
> (2) Any person who shall violate the provisions of subsection (1) of this section shall, upon conviction thereof, be punished by a fine in an amount not to exceed Five Thousand Dollars ($5,000.00).

>(3) Any candidate who shall violate the provisions of subsection (1) of this section shall, upon conviction thereof, in addition to the fine prescribed above, be punished by:
>
>>(a) Disqualification as a candidate in the race for the elective office; or
>>
>>(b) Removal from the elective office, if the offender has been elected thereto.

Upon learning that her actions could violate this statute, Davis "immediately ceased her efforts to organize the drawing," which "never took place." Compl. [1-1] ¶ 8.

Thereafter, the local district attorney "informed [Davis's] counsel . . . that he intend[ed] to seek an indictment of [Davis] for a violation of [section] 23-15-561." *Id.* ¶ 12. So, Davis sued Secretary of State Michael Watson in Hinds County Circuit Court, seeking a declaration that section 23-15-561 is unconstitutional under both the Mississippi Constitution and the United States Constitution. Watson removed the case to this Court and, after Davis was indicted by the Lee County Grand Jury, moved to stay pending resolution of the state criminal case. Davis opposes a stay.

II.     Analysis

Watson says a stay is appropriate because, if Davis is convicted, her claims may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of h[er] conviction or confinement." 512 U.S. at 486. The Supreme Court has since explained that *Heck* applies "no matter the relief sought (damages or equitable relief)." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). And the Fifth Circuit has "instructed that . . . district courts should stay § 1983 cases that may implicate the validity of

2

pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018).

For her part, Davis does not challenge the potential applicability of *Heck* or the Fifth Circuit's instruction that "district courts should stay" cases under these circumstances. *Id.* Instead, she argues that by removing the case to this Court, Watson waived his right to seek a *Heck*-related stay. Pl.'s Mem. [9] at 4. As authority, Davis cites *Lapides v. Board of Regents of University System of Georgia*, where the Supreme Court held that a state waives its Eleventh Amendment immunity "when it removes a case from state court to federal court." 535 U.S. 613, 619 (2002). But Watson is not asserting an Eleventh Amendment defense—which on its face applies *only* in federal court. *See* U.S. Const. amend. XI ("The Judicial Power *of the United States* shall not be construed to extend to any suit . . . commenced or prosecuted against one of the United States . . . ." (emphasis added)). A *Heck* defense, on the other hand, would apply regardless of removal. *See Bessent v. Clark*, 974 So. 2d 928, 934 (Miss. Ct. App. 2007) (concluding plaintiff's § 1983 claim brought in state court was "barred by *Heck*"). Davis cites no authority extending the waiver rule from *Lapides* to the *Heck* context. And given that the *Heck* defense would be equally available in state court, the Court concludes *Lapides* is inapposite.

As such, under applicable Fifth Circuit precedent, this case should be stayed pending a resolution of the state criminal process.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendant Michael Watson's Motion to Stay [5] is

3

granted.  This case is stayed pending the resolution of the criminal charge against Davis.  When the state criminal case concludes, the parties are instructed to file a joint status report.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2022.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE